**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **Darek Lathan,** | ) | **CASE NO. 3: 20 CV 2261** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Angela Nixon,** *et al.***,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

### Background

*Pro se* plaintiff Darek Lathan, a defendant in a pending federal criminal prosecution, filed this action in the Lucas County County Court of Common Pleas against Angela Nixon and Stacey Kiprotich, both official court reporters for the United States District Court. (*See* Doc. No. 1-1; *Darek Lathan v. Angela Nixon, et al.*, G-4801-CI-0202002974-000.) In his complaint, the plaintiff alleges he "despertly [sic] needed" transcripts of various proceedings for an August 13, 2020 pre-trial hearing in his criminal case, but the defendants erroneously "informed multip[le] people including [his] stand-by counsel . . . that to obtain the transcripts a payment would have to be submitted." (Doc. No. 1-1 at 8-9, ¶¶ 5-6.)

Although the plaintiff's specific claims are unclear, he alleges the defendants "committed tortious behavior" by this conduct and violated his constitutional rights under the Fifth and Fourteenth Amendments. (*See id.* at 9, ¶ 8-11.) He seeks damages and other relief.

The defendants removed the plaintiff's complaint to federal court pursuant to 28 U.S.C.

§ 1442(a)(1) and 28 U.S.C. § 2679(d)(2) and filed a motion to dismiss it pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Doc. No. 6.) The defendants argue the plaintiff's claims are barred by sovereign immunity and his allegations otherwise fail to state plausible claims.

The plaintiff filed a response to the defendants' motion (Doc. No. 7), and it is now fully briefed.

## Analysis and Discussion

Upon review, the Court agrees with the defendants that the plaintiff's complaint warrants dismissal.

First, the plaintiff has not alleged any plausible federal constitutional claim against the defendants. The United States, as sovereign, is immune from suit unless it explicitly consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941); *Toledo v. Jackson*, 485 F.3d 836, 838 (6th Cir. 2007). Thus, a plaintiff cannot sue the United States, its agencies, or its employees unless he "identif[ies] a waiver of sovereign immunity." *Jackson*, 485 F.3d at 838. The plaintiff has not demonstrated a waived of sovereign immunity in connection with the constitutional claims he asserts, and the United States has not "rendered itself liable" for constitutional torts. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994); *see also Sykes v. United States*, 507 F. App'x 455, 462 (6th Cir. 2012).

In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court recognized a limited implied cause of action against individual federal employees for Fourth Amendment violations. But since *Bivens* was decided, the Supreme Court has recognized *Bivens* claims against individual federal defendants in only two other contexts: *i.e.*, (1) in a Fifth Amendment gender-discrimination case, *Davis v. Passman*, 442 U.S. 228 (1979);

and (2) in a failure to provide medical treatment Eighth Amendment case, *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court has made it clear that federal courts should refrain from extending *Bivens* to authorize suits beyond the three specific contexts in which it has already been applied. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1855 (2017) (reasoning that Congress provided a specific damages remedy for plaintiffs whose constitutional rights were violated by state officials through 42 U.S.C. § 1983, but did not provide a corresponding remedy for constitutional violations by federal officials). Expanding *Bivens* is particularly disfavored "when alternative methods of relief are available." *Id.* at 1863; *see also Callahan v. Federal Bureau of Prisons*, 955 F.3d 520 (6th Cir. 2020).

The plaintiff complains that the defendants failed to inform him or stand-by counsel "of how to obtain the needed transcripts [through] the CJA-24 form." (Doc. No. 7 at 2.) But his complaint makes clear that he had the opportunity to, and apparently did, raise his concerns regarding obtaining transcripts free of charge in his criminal case. He alleges that on August 13, 2020, after the district judge was informed of his problem, the judge stated that "no payment was required for transcripts to be provided to an indigent defendant." (Doc. No. 1-1 at 9, ¶ 7.)

Accordingly, the plaintiff's alleged federal constitutional claims do not fit within the specific contexts that have been recognized for *Bivens* suits, and there is no basis to imply a *Bivens* cause of action against the defendants here.

The plaintiff's complaint also fails to allege any cognizable state-law tort claim. Torts committed by federal governmental employees acting within the scope of their employment are cognizable, if at all, under the Federal Tort Claims Act (FTCA), which requires as a prerequisite that the plaintiff comply with an administrative exhaustion requirement requiring that he file a

claim with the appropriate federal agency, and wait for the claim to be denied, before filing a lawsuit. *Harris v. City of Cleveland*, 7 F. App'x 452, 458, 2001 WL 345802, at *5 (6th Cir. 2001). There is no indication that the plaintiff has complied with the exhaustion requirement necessary for asserting a tort claim against the United States under the FTCA, and dismissal of his state tort claims is warranted on this basis. *See id.*

Further, in order to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when factual allegations alleged are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Even a *pro se* complaint must satisfy this standard to avoid a dismissal. *See, e.g., Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court agrees with the defendants that the allegations set forth in the plaintiff's complaint are so unclear, vague, and conclusory that they are insufficient to survive a Rule 12(b)(6) dismissal even had they been properly exhausted. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

## Conclusion

For all the foregoing reasons, the defendants' motion to dismiss the plaintiff's complaint (Doc. No. 6) is granted. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 2/2/21